AO 91
Rev. 11/97

CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DANIEL LOPEZ | DOCKET NO. (LA)<br><br>MAGISTRATE'S CASE NO. M 13 03049 |

Complaint for violation of Title 18, United States Code, Section 2250

| NAME OF MAGISTRATE JUDGE<br>HONORABLE MICHAEL WILNER | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>LOS ANGELES, CA |
|---|---|---|
| DATE OF OFFENSE<br>June 15, 2013 | PLACE OF OFFENSE<br>Riverside County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Beginning on or about March 6, 2013, and continuing to at least September, 2013, in Riverside County, within the Central District of California, and elsewhere, defendant DANIEL LOPEZ, an individual who was required to register pursuant to the Sex Offender Registration and Notification Act ("SORNA") as a result of being convicted of Lewd Acts with a Child Under the Age of 14, in violation of Section 288(a) of the California Penal Code, a felony, on or about June 8, 2010, in the Superior Court of California, County of Riverside, case number SWF10001025, having, after said conviction, traveled in interstate and foreign commerce, knowingly failed to register and update a registration as required by SORNA, in violation of Title 18, United States Code, Section 2250.

FILED
CLERK, U.S. DISTRICT COURT
NOV 22 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Ben Shapiro ("SI") |
|---|---|
| | OFFICIAL TITLE<br>Senior Inspector U.S. Marshal Service |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE<br>MICHAEL R WILNER | DATE November 22, 2013 |
|---|---|

Ami Sheth:ii REC:Detention AS

## A F F I D A V I T

I, Ben Shapiro, being duly sworn, do hereby depose and state:

### I. INTRODUCTION

1. I am a Senior Inspector ("SI") U.S. Marshal. I have been so employed by the U.S. Marshals Service for over 25 years. I graduated from the Federal Law Enforcement Training Center for Criminal Investigators in 1989. During my tenure as a Senior Inspector, I have conducted and participated in numerous investigations of criminal activity and fugitive apprehension. I am currently assigned as the Sex Offender Investigations Coordinator and have served as such for the past two years. One of my responsibilities is to investigate individuals who are convicted sex offenders and have failed to register as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of Title 18, United States Code, section 2250, which was included in the Adam Walsh Child Protection and Safety Act of 2006. I have conducted numerous investigations of individuals who are in violation of sex offender registration statutes.

### II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an arrest warrant and criminal complaint charging DANIEL LOPEZ ("LOPEZ"), with failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250. The information set forth below

has come from either my personal investigation or, where noted, has been related to me personally by other law enforcement officers associated with this investigation.

3. This affidavit is intended to show that there is sufficient probable cause for the requested criminal complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter. I have set forth only those facts that I believe are necessary to establish probable cause for the requested complaint.

### III. PROBABLE CAUSE

4. As more fully set forth below, based upon my investigation, I believe that there is probable cause that LOPEZ violated 18 U.S.C. § 2250 by failing to register as a sex offender when he departed California on or about June 15, 2013, and worked and resided in Arizona until his arrest there on September 19, 2013.

**A. LOPEZ is Required to Register as a Sex Offender Under SORNA.**

5. On September 24, 2013, I requested and obtained an arrest report for LOPEZ, file number DR# 10-102722, from the Hemet Police Department, in Hemet, California. I also requested and obtained the following documents pertaining to the case People v. LOPEZ, Case Number SWF10001025 from the Superior Court of California, County of Riverside: conviction documents, felony complaint, felony plea form, criminal minutes, abstract of judgment, the California

Department of Corrections and Rehabilitation Miscellaneous Decisions report, the Certified 290 Report from California Department of Justice Sex Offender Tracking Program ("SOTP") and certified, signed Notice of Sex Offender Registration Requirement and signed Sex Registration/Change of Address/Annual or Other Update forms. My review of these documents revealed the following:

a) The investigative reports of Hemet Police Department and including the crime report with case number DR#10-102722, dated April 9, 2010, provided as follows: On March 21, 2009, LOPEZ, who was then 22 years of age, perpetrated sex offenses against a minor female who was 13 years old, in Hemet, California. This assault took place in the apartment of LOPEZ and his former wife, located on East Fruitvale Avenue, in Hemet, California. The child victim was LOPEZ's wife's sister. LOPEZ was alleged to have rubbed the vagina, legs, stomach and breasts of the child victim. The child victim said no to LOPEZ and stated she was upset at LOPEZ's actions. LOPEZ continued to rub her legs and wrapped his arms around her legs. LOPEZ then pulled up the child victim's shirt. LOPEZ then unzipped the child victim's pants and proceeded to pull her pants down to her knees and then he removed her shirt. During this assault, the child victim stated LOPEZ pushed his fingers into her vagina.

b) Hemet Police Supplemental report for case number DR #10102722 dated May 21, 2010 provided as follows: On May 5, 2010

during an interview with Hemet Police Department detectives, LOPEZ admitted to sexually assaulting the victim child by touching her vagina and breasts.

    c) On May 21, 2010, a Felony Complaint was filed against LOPEZ in Case Number SWF10001025, in Superior Court of California, County of Riverside, charged LOPEZ three counts of violations of California Penal Code 288(a): Lewd act with a child under the age of 14 years of age.

    d) On June 8, 2010, LOPEZ pled guilty pursuant to a plea agreement to the following felony offense: California Penal Code 288(a): Lewd act with a child under the age of 14 years of age, in Superior Court of California, County of Riverside, for Case Number SWF10001025.

    i) In the plea agreement, LOPEZ initialed line number seven of the consequences of plea, indicating that he understood his responsibility to register as a sex offender. This line states, "I understand that I will be ordered to register with law enforcement as a PC290and that if I fail to register or keep my registration current for any reason, new felony charges may be filed against me. I understand that registration as a sex offender is a life long requirement."

4

e) On September 30, 2010 LOPEZ was sentenced in Riverside Superior Court to three years imprisonment for the aforementioned conviction.

**B.   LOPEZ has knowledge of his requirement to register.**

6. As described above, LOPEZ initialed the portion of his plea agreement discussing the requirement that he register as a sex offender for life. In addition, the following facts support the knowledge requirement for a violation of 18 U.S.C. § 2250:

a) On October 7, 2013, I received via U.S. Mail, a certified 290 Packet from the California Department of Justice (DOJ). The forwarded documents included the California Sex and Arson Registry ("CSAR") listing the registration, release, and incarceration dates and locations of registration for LOPEZ. These records include a Notice of Sex Offender Registration Requirement - P.C. 290 that was served upon LOPEZ prior to his release from California State Prison, dated May 29, 2012. LOPEZ signed and initialed each requirement listed on this form stating that he understood his requirements. These requirements included:

i) "My responsibility to register as a sex offender is a lifetime requirement."

ii) "Upon coming into or when changing my address within any city, county, or city and county in which I am residing, I must register within five working days as a sex offender with the

law enforcement agency with which I last registered. If the move is to a new jurisdiction, I must re-register my new address in person."

iii) "I must annually update my registration information within five working days of my birthday, starting on my first birthday following registration or change of address, by going to the law enforcement agency having jurisdiction over my residence, or where I am currently registered as a transient, and updating my registration information."

iv) "If I move outside of California, I am required to register in the new state in which I am located or reside, within five days of acquiring the new address or location; if the address or location is temporary, I must also notify the agency in California, within five working days, in writing, of my move."

7. The certified CSAR record provided to me shows that LOPEZ completed his first Notice of Sex Offender Registration Requirement form SS 8047 on May 29, 2012, while he was still in custody at California State Prison Corcoran. LOPEZ registered twice in California after this initial notification. On each of these occasions, LOPEZ initialed each of his requirements and signed these forms stating that he understood these requirements. The certified copy of the CSAR record chronology event page shows that LOPEZ, on two prior occasions, effected a formal, legal change of address

6

within jurisdiction. These changes were on February 25, 2013 and February 19, 2013 respectively.

8. In late September, 2013, I obtained copies of SS-8102S Sex Registration/Change of Address/Annual or Other Update - forms signed by LOPEZ from the Riverside County Sheriff's Department. These forms were completed by Riverside County Sheriff's Deputy J. Schmidt. The last record of LOPEZ registering in California, overseen by Officer Schmidt, after release from prison was on March 6, 2013.

9. On September 26, 2013, I spoke with Riverside Sheriff's Department Community Service Officer J. Schmidt. Officer Schmidt is assigned to register sex offenders at the Hemet Sheriff's Station. Officer Schmidt outlined her procedures for registering sex offenders. Officer Schmidt asks each registrant if they read and write English, then checks for current records on the registrant. Officer Schmidt then oversees the reading and initialing of each of the regulations on the 8102s form and after the registrant acknowledges they understand all of the requirements and signs the 8102s Officer Schmidt gives a copy of the form to the registrant. If the registrant has any questions about the requirements Officer Schmidt answers them. Officer Schmidt does not recall LOPEZ having any difficulty understanding the requirements on the 8102s forms he completed, nor are there any

/

documented records of LOPEZ having difficulty understanding the forms.

### C. LOPEZ Moved to Arizona and Failed to Register

10. On or about September 24, 2013, I was contacted by U.S. Marshals Senior Inspector C. Kruse of the Phoenix, Arizona U.S. Marshals office. SI Kruse informed SI Shapiro that on September 19, 2013, LOPEZ, an unregistered sex offender from California, who is wanted by the California Department of Corrections Parole Unit for a parole violation, was arrested by the Buckeye Arizona Police Department. LOPEZ was initially stopped by that Buckeye Police Officers for speeding. During the stop, it was determined that LOPEZ did not have a driver's license and he had two glass narcotics pipes with him in the vehicle. Buckeye Police Department Detective D. Dodge told SI Shapiro that when LOPEZ was arrested, LOPEZ had on his person two pay stubs in his name. These pay stubs, as received by SI Shapiro as evidence, are dated August 24th 2013, and September 15th respectively, with the employer printed on the stubs as Sue's testing service. Further, during the initial stop by Buckeye Police Department, LOPEZ stated he needed to get to work at the Painted Rock Dairy in Gila Bend, Arizona. After this arrest in Buckeye, Arizona, LOPEZ was extradited to California to face charges of his California parole violation.

8

11. On September 30, 2013, Detective Dodge wrote an e mail to SI Shapiro with regards to Dodge's interview with LOPEZ employer Catherine Vega. Manager Vega stated to Detective Dodge that LOPEZ lived at on Watkins Street, in Buckeye, Arizona and lived there since August, while he worked at the Painted Rock Dairy in Gila Bend, Arizona. Subsequent to this interview conducted by Detective Dodge, SI Johnson and I conducted an interview with Susan Vega, the owner of Sue's testing lab and the dairy. S. Vega provided evidence in the form of business records showing that LOPEZ had been paid for work at the dairy. The first record of payment being June 29, 2013 and the last record September 21, 2013. S. Vega also acknowledged to having met face to face and to have known Lopez for the past 10 years. S. Vega also acknowledged the address on West Watkins Street as a residence where her son and daughter-in-law lived with other family members and as a residence where LOPEZ also resided.

12. On October 3, 2013 a consensual interview was conducted by myself and SI S. Johnson of LOPEZ at the Southwest Detention Facility, Murrieta, California. During this recorded interview, LOPEZ read and signed the <u>Miranda</u> waiver of rights form. LOPEZ stated that he had nothing to hide. LOPEZ made numerous admissions to us during this interview. LOPEZ explained that he remained in California, homeless for two weeks, before traveling to Arizona.

9

LOPEZ stated he left California after he was released from custody in June, 2013, by bus. LOPEZ traveled to Blythe, California, and then arranged for a friend to drive him to Arizona. LOPEZ stated he went to Arizona for employment and did not register there. LOPEZ stated he really had no reason for not registering there, further "if I'm going out of state, I'm on parole, once I crossed that line, that radius or whatever so why would I register over there."

13. Further, LOPEZ made the following additional statements during the interview: "I don't mind registering at all it's a special condition of my parole, right." LOPEZ admitted that he did not register in Arizona because his parole officer did not know he (LOPEZ) was there. LOPEZ also admitted to knowing he was in violation of his parole.

14. LOPEZ was shown the sex offender registration forms 8102 dated February 25, 2013 and March 6, 2013, respectively. He stated that the forms were read to LOPEZ, and LOPEZ had a copy of the forms, which he read to himself. LOPEZ also admitted to signing and initialing both forms.

15. LOPEZ was asked to read line 10 on the form 8102s aloud, and did so. After reading line 10 which states: "If I move outside of California, I am required by federal law to register in the new state within three (3) working days."

10

16. In early October of 2013, I contacted the Arizona State Sex Offender Registry and inquired as to the status of LOPEZ by name, date of birth, and social security number and I learned that there was no record of LOPEZ ever registering as a sex offender in Arizona. I also queried LOPEZ in the California Department of Justice California Sex and Arson Registry computer database and found that LOPEZ last registered as a sex offender on March 6, 2013, using the address on Snyder Lane, in Homeland, California.

17. On October 10, 2013, I spoke to LOPEZ's California Parole Officer Agent Daniel Ruiz. Parole Agent Ruiz is LOPEZ's current parole Agent and has supervised LOPEZ since January, 2013. Agent Ruiz reviewed the general conditions of confinement with LOPEZ which include directions to LOPEZ stating he is not permitted to leave the state of California without permission. Officer Ruiz explained that LOPEZ has exhibited no difficulties understanding his conditions of supervision. Agent Ruiz arrested LOPEZ on April 16, 2013, for a conditional California state parole violation as LOPEZ was living at a prohibited residence where a child was present. LOPEZ was incarcerated for this violation until May 31, 2013. When LOPEZ was released, he immediately absconded California State Parole supervision and became a fugitive from justice. Additionally, Parolee Ruben Villa (who was incarcerated with

LOPEZ), told Agent Ruiz that defendant LOPEZ told Villa that he was leaving to Arizona when he gets out.

18. I queried the National Crime Information Center ("NCIC") computer database and found that a fully extraditable warrant for arrest NIC number X051831711 was issued on June 4, 2013, for LOPEZ based upon a California State Parole Violation. The warrant had been requested by the California department of probation and parole on June 3, 2013.

19. The CSAR records show that LOPEZ has been in violation of his registration requirements since June 15, 2013, and has failed to update or file a change of address since that time.

20. During his interview, LOPEZ's admitted to that from mid-June, 2013, to late-June 2013, he resided and worked in Arizona. LOPEZ departed California and arrived in Arizona without filing a change of address, in violation of California Penal Code 290.013. This statute requires sex offenders to update the registering agency with the new address within five working days of moving. This is also in violation of 42 U.S.C. § 16913(c), which states:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least one (1) jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

12

21. I obtained certified records from the California SOTP Registry which indicate, the last time that LOPEZ registered as a sex offender in the State of California was on March 6, 2013. These records also indicate that LOPEZ has been in violation of his California Annual Registration Requirements since June 15, 2013, and has not filed a change of address notification.

22. On November 7, 2013, I contacted the Arizona State Sex offender Registry and provided them with LOPEZ's name, date of birth, and social security number. The Arizona state registry determined that LOPEZ has never registered as a sex offender in the state of Arizona.

23. As set forth above, LOPEZ told me that he never attempted to register in Arizona as a sex offender after he left California in June, 2013, via Riverside transit bus and a friend's vehicle. LOPEZ stated that he did not register as a sex offender in Arizona.

//

//

//

## IV. CONCLUSION

24. Based on the facts set forth herein, and based on my training, education, experience, and participation in this investigation, I believe that there is probable cause to believe that DANIEL LOPEZ has violated Title 18, United States Code, Section 2250: Failure to Register.

Ben Shapiro,
Senior Inspector

Subscribed and sworn to before me on this 22nd day of November, 2013

**MICHAEL R WILNER**

THE HONORABLE MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE